JANISZEWSKI, Appellant, v. INDUSTRIAL COMMISSION and another, Respondents.

*December 4, 1959—January 5, 1960.*

For the appellant there was a brief and oral argument by *Stephen J. Hajduch* of Milwaukee.

For the respondent Industrial Commission the cause was argued by *Mortimer Levitan,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

For the respondents Ladish Company and Liberty Mutual Insurance Company there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Edward H. Borgelt* and *Clayton R. Hahn* of counsel, all of Milwaukee, and oral argument by *Mr. Hahn.*

DIETERICH, J.   This action was commenced by the plaintiff to review an order of the Industrial Commission on the theory that it acted without and in excess of its powers in applying an administrative rule in the computation of hearing loss, that such rule discriminates against hearing disability in its own right, that it treats such disability in a special and different manner than as authorized by law, without warrant of authority, and without due process and equal protection of the laws.

The defendants-respondents, Ladish Company and Liberty Mutual Insurance Company, answered, denying, among other things, that the commission acted in excess of its powers, denied that the findings are not supported by the evidence, denied that the application of an administrative rule providing for a diminution of a hearing disability award by one half of one per cent commencing at age fifty was a violation of the law, denied that its findings are without warrant of authority or that its findings treat the disability in a special or different manner than authorized by law, and denied that such findings and order deprived the plaintiff of due process and equal protection of the law.

The plaintiff was sixty-four years of age at the time of his retirement and it was admitted that the noise-level pressure

in the drop-forge department, where he had served the employer for many years, was of such a nature so as to result in an industrial hearing loss in each ear.

Dr. Louis Brachman testified on behalf of the appellant, and Dr. Meyer S. Fox testified on behalf of respondent. They had made audiometric tests on the appellant and testified in regard to the results of their tests. The Industrial Commission selected the best readings for each ear at frequencies of 500, 1,000, and 2,000 cycles per second and found the average decibel loss to be 48.33 for the right ear and 45 for the left ear. It then applied the hearing disability table in the report of the medical subcommittee, and according to that table the average decibel loss of 48 is 51.7 per cent of compensable hearing loss and 45 average decibel loss is 46.7 per cent of compensable hearing loss. This percentage did not take into account the possibility of hearing loss which accompanies age (presbycusis). Under sec. Ind 80.25, 3 Wis. Adm. Code, one-half per cent was deductible for each year beginning at the age of fifty, seven per cent was deductible for the nonoccupational loss of hearing.

The medical subcommittee recommendation, which was adopted by the commission in its rule, sec. Ind 80.25, 3 Wis. Adm. Code, is based on expert testimony and testing in thousands of cases where presbycusis is evident. This committee was made up of four otologists and an industrial physician. The function of the subcommittee was to make recommendations to the advisory committee and to the Industrial Commission with respect to the whole problem of industrially induced hearing loss.

The issue in this case is whether that part of sec. Ind 80.25, 3 Wis. Adm. Code, which provides that in determining loss of hearing resulting from noisy employment, a portion of the loss should be ascribed to age, is not in conflict with sec. 102.555 (4), Stats. 1955, which required a reduction in the period for which indemnity was payable by two and

one-half per cent for each year that the age of the employee exceeded fifty.

3 Wis. Adm. Code, sec. Ind 80.25, provides in part:

"*Loss of hearing; determination.* Until otherwise directed the commission as a matter of policy adopts the report of the medical subcommittee of the advisory committee on workmen's compensation legislation of the industrial commission, dated April 5, 1954, for determination of loss of hearing in workmen's compensation cases, to be hereafter decided, regardless of the date of injury.

"Such report is herewith attached.

"*Report of Medical Subcommittee to Advisory Committee on Workmen's Compensation Legislation.*

". . . The committee agrees that an allowance should be made for loss of hearing which accompanies advancing age (presbycusis). Beginning at the age of fifty, one-half per cent should be deducted and an additional one-half per cent for each year thereafter. This would amount to two and one-half per cent at fifty-four, five per cent at fifty-nine, seven and one-half per cent at sixty-four, and ten per cent at sixty-nine."

Sec. 102.44 (3) (b), Stats., applies to nonscheduled injuries only, but it has precisely the same effect on the indemnity for nonscheduled injuries that sec. 102.53 (2) has on scheduled injuries.

Sec. 102.53 (2), Stats. 1955, provides that when the injured employee is above fifty years of age, the period for which indemnity is payable for scheduled injuries should be reduced by two and one-half per cent for each year that the age of the employee exceeds fifty, with no reduction in excess of 50 per cent. This reduction for age is based on the fact that the average number of years in labor force remaining declines as one advances in age.

Sec. 102.555 (4), Stats. 1955, provides that the compensation payable for occupational deafness should be subject to the provisions of sec. 102.53 (2).

The deduction for the life-expectancy factor required by sec. 102.555 (4), Stats., is a deduction from the total compensation payable for permanent disability. The deduction could be made only after a determination of the period for which compensation would be payable. It had nothing whatever to do with the determination of the extent of hearing loss caused by industry.

In *Moen v. Industrial Comm.* (1943), 242 Wis. 337, 342, 8 N. W. (2d) 368, the commission, in its decision, stated:

" 'The rules adopted by the commission are essentially those which were formulated by a committee of the American Medical Association appointed to consider methods for determining visual efficiency for purposes of workmen's compensation. Certain values are assigned to each of three factors, viz., central vision acuity, field vision, and binocular vision. The percentage of remaining function for each of these factors is determined by means of various tests and tables found by experience and judgment to be sound. When the percentage of function under the various factors has been determined, the final percentage of efficiency is fixed by means of a formula incorporated in the rules. These rules were adopted by the commission after long study in an attempt to obtain uniformity and to effect substantial justice to employees. The commission considers that they will represent the most scientific and equitable method of determination of loss of vision which has been evolved.' "

This court in its opinion in the *Moen Case* stated (p. 345) :

"There being credible evidence to sustain the finding of the commission, its finding is conclusive. If the evidence sustains a finding that impairment of the eye for industrial use was not total, the commission had to determine the extent of disability under the relative-injury clause (sec. 102.55 (5), Stats.). This also presented a question of fact for the commission. There being credible evidence to sustain the finding that the loss of vision was 74.48 per cent of the right eye, that finding is conclusive."

The commission used the rule and formula under sec. Ind 80.25, 3 Wis. Adm. Code, for the purpose of determining the extent of hearing loss caused by industry, and to what extent the hearing loss was caused by advancing age (presbycusis).

We find that 3 Wis. Adm. Code, sec. Ind 80.25, which provides that in determining loss of hearing an allowance should be made for loss of hearing which accompanies advancing age, is not in conflict with sec. 102.555 (4), Stats.

We find there is credible evidence to sustain the findings of the commission that the appellant's loss of hearing was due in part at least to presbycusis, and there being credible evidence to support the diminution of the award based on presbycusis, the findings and order of the commission are affirmed.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.